(31 Misc. Rep. 569.)

In re VEEDER.

(Supreme Court, Special Term, Schenectady County.  May, 1900.)

1. INTOXICATING LIQUORS—LOCATION OF SALOON—DISTANCE FROM DWELLING.
   The nearest entrance of a dwelling house, within 200 feet of which a saloon is prohibited by the liquor tax law, is the nearest entrance, whether front, side, or rear, measured in a straight line from the nearest public entrance to the saloon.
2. SAME—DWELLING HOUSE—DEFINITION.
   The fact that an owner of a dwelling house was in the habit of letting rooms by the week did not deprive it of its character of a private dwelling house, within the liquor tax law, which prohibits the running of a saloon within 200 feet of a dwelling house.

Application of Kate E. Veeder for the cancellation of a liquor tax certificate issued to Dewey Miller.  Granted.

De Remer & Angle (C. S. Nisbet, of counsel), for petitioner.

R. J. Cooper (Charles E. Palmer and Charles Hastings, of counsel), for defendant.

STOVER, J.  This application is made under sections 28 and 29 of the liquor tax law, on the ground that the material statements in the application were false.  A mass of evidence has been taken, but the simple question at issue is whether the requisite consents of owners of dwelling houses have been obtained.  It has been held in Re Herse, decided March 15, 1900, by Lambert, J., that the nearest entrance to a building occupied exclusively as a dwelling, specified in the statute, is the nearest entrance, whether rear, side, or front, to said dwelling, measured in a straight line from the nearest public entrance to the building in which traffic in liquors is to be carried on; and I think this is a correct interpretation of the statute.  The distance—200 feet—is one arbitrarily fixed, and was intended for the protection of dwelling houses.  A saloon in rear of a dwelling might be as obnoxious as one in front.  I see no reason why I should not follow the adjudication already made by Judge Lambert.

As to the consent of owners of dwelling houses:  It appears that the owner of one of the houses was in the habit of letting rooms by the week to persons who might apply for them, and it is claimed by the respondent that this action constituted him a boarding house keeper, under the law, and that he was carrying on a business, within the meaning of the statute.  The fact that one or more of his rooms were let for occupancy of persons other than members of his family would not deprive his house of its character as a dwelling house.  It is not a place where the general public would be invited to enter and transact business, but for every intent it would still be a private house, and its occupants entitled to the privacy which surrounds a dwelling house.  The prayer of the petitioner will be granted, with costs.

Application granted, with costs.